# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSHUA KIRKENDOLL,<br><br>        Plaintiff,<br><br>v.<br><br>AMY DUPONT,<br><br>        Defendant. | Case No. 24-CV-1271-JPS |
| JOSHUA KIRKENDOLL, UNITED STATES, and SSA,<br><br>        Plaintiffs,<br><br>v.<br><br>AVIVA, ROYAL FOUNDATION, and PRINCESS AND PRINCE OF WALES,<br><br>        Defendants. | Case No. 24-CV-1338-JPS |
| JOSHUA KIRKENDOLL,<br><br>        Plaintiff,<br><br>v.<br><br>BTI, ETI, PTI, ETH, and MARK ZUCKERBERG,<br><br>       Defendants. | Case No. 24-CV-1357-JPS |
| JOSHUA KIRKENDOLL,<br><br>        Plaintiff,<br><br>v.<br><br>FATCA,<br><br>        Defendant. | Case No. 24-CV-1449-JPS |

| | |
|---|---|
| JOSHUA KIRKENDOLL,<br><br>                            Plaintiff,<br><br>v.<br><br>DONALD TRUMP, EHX, ETX, and MPAC,<br><br>                            Defendants. | Case No. 24-CV-1450-JPS<br><br>**ORDER** |

## 1.  INTRODUCTION[1]

Plaintiff Joshua Kirkendoll ("Plaintiff"), proceeding pro se, filed the above-captioned actions in October and November 2024. On October 9, 2024, Plaintiff filed an Amended Complaint in 24-CV-1271. ECF No. 4. Plaintiff also moved for leave to proceed without prepaying the filing fee in each action. 24-CV-1271, ECF No. 3; 24-CV-1338, ECF No. 2; 24-CV-1357, ECF No. 2; 24-CV-1449, ECF No. 3; and 24-CV-1450, ECF No. 2. On October 24, 2024, Plaintiff filed a nondescript "motion" in 24-CV-1338. ECF No. 4. These motions, and the screening of Plaintiff's complaints, are now before the Court. For the reasons discussed herein, the Court will dismiss all five actions with prejudice, deny the motions for leave to proceed in forma pauperis, deny as moot the additional motion in 24-CV-1338, and impose a filing bar on Plaintiff.

---

[1]Citations to filings in Case No. 24-CV-1271-JPS will be delineated "24-CV-1271, ECF No. __," citations to filings in Case No. 24-CV-1338-JPS will be delineated "24-CV-1338, ECF No. __," citations to filings in Case No. 24-CV-1357-JPS will be delineated "24-CV-1357, ECF No. __," citations to filings in Case No. 24-CV-1449-JPS will be delineated "24-CV-1449, ECF No. __," and citations to filings in Case No. 24-CV-1450 will be delineated "24-CV-1450, ECF No. __."

## 2. MOTIONS TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the required filing fees, otherwise known as a motion to proceed in forma pauperis.[2] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. First, it must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the Court must examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[2] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

A litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, cannot, therefore, reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, Plaintiff's complaints do not meet the criteria stated in 28 U.S.C. § 1915(e)(2). Accordingly, the Court will deny Plaintiff's motions to proceed without prepaying the required filing fees.

3. **SCREENING**

   3.1 **Legal Standard**

As noted above, when a pro se litigant seeks to proceed without prepaying the required filing fee, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*,

126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327.

To state a claim, a complaint must provide a "plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal modifications omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to

Page 5 of 15
Case 2:24-cv-01271-JPS    Filed 12/09/24    Page 5 of 15    Document 5

"less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3.2 Factual Allegations & Analysis

#### 3.2.1 Case No. 24-CV-1271[3]

Plaintiff's original complaint in this case listed only "invasion privacy" as his claim against defendant Amy DuPont ("DuPont") and "Section 2831" as his relief. ECF No. 1 at 2, 4. Plaintiff then filed an amended complaint two days later. ECF No. 4. The Court will therefore treat Plaintiff's amended complaint as the operative complaint and screen that complaint. Fed. R. Civ. P. 15(a)(1). Plaintiff's amended complaint again lists DuPont as the defendant but does not include DuPont anywhere in his allegations. ECF No. 4 at 2–3. DuPont is only mentioned in passing in Plaintiff's request for relief. *Id.* at 4.

Plaintiff's allegations are largely incoherent. He mentions various statutes—47 U.S.C. § 230, 18 U.S.C. § 2510, the Employee Retirement Income Security Act of 1974, the Clayton Antitrust Act of 1914, 18 U.S.C. § 61, 18 U.S.C. §§ 1341 and 2320, and 17 U.S.C. § 506—but does not describe how those statutes relate to him or any of his factual allegations. *Id.* at 2–3. The amended complaint mentions a few individuals and institutions—the D.O.J.[4] and Joshua Glover—but largely uses the pronoun "they" without further description. *Id.* Most fatal, however, is that the amended complaint does not mention Plaintiff at all; it does not allege how he was harmed or who harmed him. *Id.* Accordingly, it does not even begin to provide "fair

---

[3]Citations to filings in this section will pertain to Case No. 24-CV-1271 unless specifically delineated as pertaining to another case.

[4]Presumably the Department of Justice.

notice of what the . . . claim is and the grounds upon which it rests," to either the defendant or the Court. *Twombly*, 550 U.S. at 555.

Plaintiff's requested relief does not serve to clarify his allegations. Instead, he makes incoherent references to 18 U.S.C. § 2511, the Patriot Act and a "Katz decision," then mentions wanting a promotion. ECF No. 4 at 4. Plaintiff also mentions that he "appl[ied]" or will "apply" to receive part of a "[G]oogle pri[v]acy settlement." *Id.* None of this applies in any decipherable way to his factual allegations, nor does it constitute a form of relief that the Court could act upon.

A complaint should answer the following questions: (1) Who violated Plaintiff's constitutional rights?; (2) What did each person do to violate his rights?; (3) When did each person violate his rights?; and (4) Where did each person violate his rights? Plaintiff needed to provide at least a somewhat clear story of what happened to him; he did not.

While normally the Court grants a self-represented party leave to attempt to amend his complaint to cure the deficiencies identified, it need not grant leave when "any amendment would be futile or otherwise unwarranted . . . ." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). The fact that Plaintiff has filed not one, but *five* incoherent complaints in this district in just two months demonstrates that allowing him to amend would likely be futile and is otherwise unwarranted. *See infra* Sections 3.2.2, 3.2.3, 3.2.4, and 3.2.5.

Because the amended complaint fails to state a claim upon which relief may be granted and to comply with Federal Rule of Civil Procedure 8—and given the number of similarly frivolous actions recently filed by

Page 7 of 15
Case 2:24-cv-01271-JPS    Filed 12/09/24    Page 7 of 15    Document 5

Plaintiff in the Eastern District of Wisconsin—the Court will dismiss this case with prejudice. *Kamelgard v. Macura*, 585 F.3d 334, 340 (7th Cir. 2009) ("A dismissal for failure to state a claim is a dismissal on the merits . . . ." (citing Fed. R. Civ. P. 41(b))).

### 3.2.2 Case No. 24-CV-1338[5]

Plaintiff brings this action ostensibly on behalf of himself and the United States and "SSA,"[6] listing "Aviva," "Royal Foundation," and "Princess and Prince of Wales" as defendants. ECF No. 1 at 1. The complaint alleges that "Royal Foundation" is a citizen of Green Bay, Wisconsin and that "Royal Foundation" works or worked for the "DOJ."[7] *Id.* at 1–2.

Again, Plaintiff does not allege anything specifically regarding the named plaintiffs or defendants. Instead, the complaint lists seeming statutes in a format that the Court cannot decipher. *E.g., id.* at 2 ("During the exp[]er[i]ence of the duration of case the defendant try to exhausted article 31 to exhib[i]t the article 86 due to section 2831 the experience cause section 1086 to declin[]e by put section 3434 . . . ."). The Court also finds Plaintiff's requested relief impossible to decipher. He seems to continue random allegations that are unrelated to the parties in the case and does not request any relief that the Court could entertain.

Because this complaint fails to state a claim upon which relief may be granted and to comply with Federal Rule of Civil Procedure 8—and given the number of similarly frivolous actions recently filed by Plaintiff in the Eastern District of Wisconsin—*see infra* Sections 3.2.1, 3.2.3, 3.2.4, and

---

[5]Citations to filings in this section will pertain to Case No. 24-CV-1338 unless specifically delineated as pertaining to another case.

[6]Presumably the Social Security Administration.

[7]Presumably the Department of Justice.

3.2.5—the Court will dismiss this case with prejudice. *Kamelgard*, 585 F.3d at 340 (citation omitted).

### 3.2.3 Case No. 24-CV-1357[8]

In addition to himself, Plaintiff purports to bring the complaint in this case on behalf of the "SSA"[9] and "Corda Int[ernational]."[10] ECF No. 1 at 1. Plaintiff's allegations are again a string of seeming statutes without any 'who,' 'what,' or 'where.' The only portion of the complaint that the Court can understand is one sentence in Plaintiff's requested relief section where he states that he "would like [the Social Security Administration] to stay intact." *Id.* at 4. It is unclear, however, what harm Plaintiff is alleging and to whom any harm might be attributable. Accordingly, the case fails to provide "fair notice of what the . . . claim is and the grounds upon which it rests," to either the defendants or the Court. *Twombly*, 550 U.S. at 555.

Because this complaint fails to state a claim upon which relief may be granted and to comply with Federal Rule of Civil Procedure 8—and given the number of similarly frivolous actions recently filed by Plaintiff in the Eastern District of Wisconsin—*see infra* Sections 3.2.1, 3.2.2, 3.2.4, and 3.2.5—the Court will dismiss this case with prejudice. *Kamelgard*, 585 F.3d at 340 (citation omitted).

---

[8]Citations to filings in this section will pertain to Case No. 24-CV-1357 unless specifically delineated as pertaining to another case.

[9]Presumably the Social Security Administration.

[10]While the docket does not include these plaintiffs, they are clearly listed in the complaint. ECF No. 1 at 1.

### 3.2.4 Case No. 24-CV-1449[11]

Plaintiff brings this case against defendant "Fatca,"[12] claiming that it is a British citizen. ECF No. 1 at 1–2. Plaintiff's allegations seem to pertain to a "strange[] law proceed[ing]" which he claims he won but still has to "pay for damages which is against section 4155." *Id.* at 2. Plaintiff claims he owes an unnamed "them" related to a "false evic[]tion." *Id.* Plaintiff alleges that this legal proceeding "has cause[d] emotional . . . distress." *Id.* at 3. While this complaint presents at least a small amount of decipherable information, it still fails to provide sufficient notice to the Court and the defendant of the 'who,' 'what,' and 'where' of Plaintiff's alleged harm and therefore it fails to state a claim and satisfy the pleading requirements of Rule 8. *Twombly*, 550 U.S. at 555.

Because this complaint fails to state a claim upon which relief may be granted and to comply with Federal Rule of Civil Procedure 8—and given the number of similarly frivolous actions recently filed by Plaintiff in the Eastern District of Wisconsin—*see infra* Sections 3.2.1, 3.2.2, 3.2.3, and 3.2.5—the Court will dismiss this case with prejudice. *Kamelgard*, 585 F.3d at 340 (citation omitted).

### 3.2.5 Case No. 24-CV-1450[13]

Plaintiff lists Donald Trump, "EHX," "ETX," and "MPAC" as defendants in this case. ECF No. 1 at 1. Again, Plaintiff's allegations do not mention any of the named defendants, instead listing various seeming

---

[11]Citations to filings in this section will pertain to Case No. 24-CV-1449 unless specifically delineated as pertaining to another case.

[12]In his motion for leave to proceed without prepayment of the filing fee, however, he lists the defendant as "Fatco." ECF No. 3 at 1.

[13]Citations to filings in this section will pertain to Case No. 24-CV-1450 unless specifically delineated as pertaining to another case.

statutes and random, seemingly unrelated facts. *See id.* at 2–3. Plaintiff again mentions social security, this time claiming that one of the defendants "tr[ied] to abolish[]" it. *Id.* at 2. As his requested relief, Plaintiff seems to request that Donald Trump be "[f]ired" because he "should not be president." *Id.* at 4. This complaint again fails to provide fair notice about what Plaintiff's claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555.

Because this complaint also fails to state a claim upon which relief may be granted and to comply with Federal Rule of Civil Procedure 8—and given the number of similarly frivolous actions recently filed by Plaintiff in the Eastern District of Wisconsin—*see infra* Sections 3.2.1, 3.2.2, 3.2.3, and 3.2.4—the Court will dismiss this case with prejudice. *Kamelgard,* 585 F.3d at 340 (citation omitted).

### 4. MISCELLANEOUS MOTION

Plaintiff filed a paper in Case No. 24-CV-1338 entitled "Motion." The first word of Plaintiff's motion is "[i]njunction," but he fails to ask the Court for any intelligible relief. 24-CV-1338, ECF No 4. Instead, the motion is one long, unintelligible sentence peppered with profanity. *See generally id.* Even if the Court could decipher what Plaintiff intended by filing this motion, it is in any event moot as the Court is dismissing the underlying case with prejudice.

Because the Court cannot decipher what possible relief Plaintiff seeks through this motion, and because the Court is dismissing the underlying case with prejudice, it will deny Plaintiff's motion as moot.

### 5. FILING BAR

Plaintiff has demonstrated that he will not be deterred from filing frivolous lawsuits or lawsuits that otherwise fail to comply with Federal

Rule of Civil Procedure 8. The actions addressed in this Order are just five of seven cases that Plaintiff has filed in the last four years. *See Kirkendoll v. Department of Justice, et al.*, No. 20-CV-207-PP (E.D. Wis. Feb. 10, 2020) and *Kirkendoll v. EEOC*, No. 22-CV-1006-JPS (E.D. Wis. Sep. 1, 2022). The five actions addressed herein were filed within two months of one another.

"[T]he right of access to the federal courts is not absolute . . . ." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources."). That aim cannot be achieved if, as Plaintiff would have it, the Court is forced to dedicate a disproportionate amount of its resources to reviewing, time and again, frivolous and incoherent complaints. Simply put, Plaintiff's conduct is an abuse of both the federal forum and the judicial process. He has consumed far more than his share of scarce and valuable judicial resources, and his pro se status does not "insulate h[im] from sanctions for filing frivolous and meritless lawsuits." *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021).

The Court is accordingly entitled to implement sanctions that are "narrowly tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits." *Baston v. Carter*, No. 2:20-CV-00182-JPH-MJD, 2020 WL 7138631, at *2 (S.D. Ind. Dec. 7, 2020) (citing

*Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) and Fed. R. Civ. P. 11). Based on Plaintiff's specific form of misconduct, the Court has determined that the appropriate sanction is a filing bar.[14]

Plaintiff will be barred from filing any paper in any case in this District, including new lawsuits related to a different set of facts than those set forth in this Order, for a period of five (5) years from the date of this Order. This shall include motions for reconsideration, but it will not include notices of appeal or papers in "any criminal case in which [Plaintiff] is a defendant or any application for habeas corpus that he may wish to file." *Mack*, 45 F.3d at 186 (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)); *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)). The Clerk of Court will be directed to return unfiled any such papers until the time period of five (5) years from the date of this Order.

6.  **CONCLUSION**

In light of the foregoing, the Court will dismiss Case Nos. 24-CV-1271, 24-CV-1338, 24-CV-1357, 24-CV-1449, and 24-CV-1450 with prejudice. The Court will thus deny Plaintiff's motions for leave to proceed in forma pauperis in all five actions. The Court will also deny Plaintiff's nondescript "motion" in Case No. 24-CV-1338 as moot. Finally, the Court has imposed on Plaintiff what it believes to be an appropriate and narrowly tailored sanction in the form of a filing bar for the period of five (5) years from the date of this Order.

---

[14]Given his motions for leave to proceed in forma pauperis, the Court is not confident that Plaintiff would have the wherewithal to pay a monetary fine.

Accordingly,

**IT IS ORDERED** that Plaintiff Joshua Kirkendoll's motion for leave to proceed in forma pauperis in Case No. 24-CV-1271, ECF No. 3, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** Plaintiff Joshua Kirkendoll's motion for leave to proceed in forma pauperis in Case No. 24-CV-1338, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** Plaintiff Joshua Kirkendoll's motion for leave to proceed in forma pauperis in Case No. 24-CV-1357, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** Plaintiff Joshua Kirkendoll's motion for leave to proceed in forma pauperis in Case No. 24-CV-1449, ECF No. 3, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** Plaintiff Joshua Kirkendoll's motion for leave to proceed in forma pauperis in Case No. 24-CV-1450, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED that** Plaintiff Joshua Kirkendoll's motion in Case No. 24-CV-1338, ECF No. 4, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Joshua Kirkendoll shall be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which he is a defendant or any application for habeas corpus for a period of five (5) years from the date of this Order; the Clerk of Court shall **RETURN UNFILED** any such papers;

**IT IS FURTHER ORDERED** that Case No. 24-CV-1271 be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Case No. 24-CV-1338 be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Case No. 24-CV-1357 be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Case No. 24-CV-1449 be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that Case No. 24-CV-1450 be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgments in Case Nos. 24-CV-1271, 24-CV-1338, 24-CV-1357, 24-CV-1449, and 24-CV-1450 accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgments to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.